IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 4:20-cr-204 |
| v. | ) |
| | ) GOVERNMENT'S |
| JASON RAY TINGLEY, | ) SENTENCING MEMORANDUM |
| | ) |
| Defendant. | ) |

Defendant Jason Tingley sold and possessed methamphetamine and had a gun while on parole. The Court should sentence him to a guideline sentence of 211 months in prison.

## I. PROCEDURAL BACKGROUND

Defendant pleaded guilty to: Count One, possession with intent to distribute 50 grams or more of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A); and Count Three, possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). Presentence Investigation Report, ECF No. 52, ¶ 2 (hereinafter "PSR"). Pursuant to the parties' plea agreement, the government agrees to dismiss Count Two at the time of sentencing. *Id.* ¶ 3.

There are no outstanding objections to the PSR. The government does not anticipate presenting additional evidence or witnesses at sentencing.

## II. SENTENCING CALCULATION

### A. Statutory Maximum and Minimum Sentence

Based on Defendant's plea of guilty to Count One, Defendant is subject to a mandatory minimum sentence of ten yeas up to life imprisonment and at least five years and up to life of supervised release. A fine of up to $10,000,000 is permitted, in addition to the $100 special assessment. PSR ¶¶ 112, 117, 122, 123. Count Two carries a mandatory sixty-month consecutive term of imprisonment, up to life, and a supervised release term of up to five years. A fine of $250,000 is permitted, in addition to the $100 special assessment. PSR ¶¶ 113, 117, 122, 123.

### B. Sentencing Guidelines Calculation

The PSR correctly calculates the advisory guidelines range in this case as follows:

| | |
|---|---|
| USSG §2D1.1(a)(5), (c)(4) (base): | 32 |
| USSG §3E1.1 (acceptance of responsibility): | −3 |
| Total Offense Level: | 29 |
| Criminal History Category | VI (18) |
| Guideline Sentencing Range: | 151–188 months |

A sixty-month consecutive sentence must be imposed for Count Three. USSG §2K2.4; PSR ¶¶ 27, 113, 114.

## III. SENTENCING FACTORS & GOVERNMENT'S RECOMMENDATION

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed –
    A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B. to afford adequate deterrence to criminal conduct;
    C. to protect the public from further crimes of the defendant; and
    D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).

The government recommends a total sentence of imprisonment of 211 months, followed by a five-year term of supervised release. As part of the instant offense, Defendant sold and possessed methamphetamine. Defendant sold ounce quantities methamphetamine to a confidential informant on two occasions. PSR ¶¶ 11, 14. During a search warrant at his apartment, officers located nearly a half-pound of methamphetamine. *Id.* ¶ 16. Defendant had a stolen, loaded nine-millimeter pistol near his drugs, as well as items commonly used to distribute drugs throughout his apartment, including Ziploc bags, a working digital scale, and drug notes. *Id.* ¶ 17.

Defendant is a methamphetamine addict and has faced other addictions throughout his life. PSR ¶¶ 77–84. At age 20, Defendant was arrested for possessing heroin and hypodermic needles. *Id.* ¶ 40. Once he moved to Iowa, Defendant committed several thefts. *Id.* ¶¶ 41–45. He was sent to prison following his fourth

theft conviction, which involved Defendant breaking into campers and stealing televisions. *Id.* ¶ 44. He also possessed methamphetamine. *Id.* ¶ 45.

While on parole for that offense, Defendant was convicted of operating while intoxicated. PSR ¶ 46. He ran a stop sign and hit two cars. *Id.* Just a few years later, Defendant was convicted of a second operating while intoxicated offense. *Id.* ¶ 47. In June 2019, Defendant was convicted again of operating while intoxicated (third offense) and of felony methamphetamine possession. *Id.* ¶ 48. Defendant also possessed marijuana and eluded the police. *Id.* Defendant was on parole for this offense when he committed the instant offense. *Id.* Defendant's conduct underlying these offenses is concerning, especially in light of the present offense.

The government believes a guideline sentence would be sufficient but not greater than necessary to accomplish the goals of sentencing.

WHEREFORE, the government requests the Court consider this sentencing memorandum in determining the final sentence of Defendant.

Respectfully Submitted,

Richard D. Westphal
Acting United States Attorney

CERTIFICATE OF SERVICE
I hereby certify that on November 10, 2021, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:
\_\_\_\_U.S. Mail \_\_\_\_\_ Fax \_\_\_\_\_Hand Delivery
\_X\_\_ECF/Electronic filing \_\_\_\_Other means
ASSISTANT UNITED STATES ATTORNEY
By: */s/ MacKenzie Benson Tubbs*

By: */s/ MacKenzie Tubbs*
MacKenzie Benson Tubbs
Assistant United States Attorney
U.S. Courthouse Annex
110 East Court Avenue, Suite 286
Des Moines, IA 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: mackenzie.benson.tubbs@usdoj.gov

4